IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INJECTIVE LABS INC., §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>XIN WANG, §<br>§<br>*Defendant*. §<br>§<br>_____<br>XIN WANG, §<br>§<br>*Third-Party Plaintiff*, §<br>§<br>v. §<br>§<br>ZHONGHAN "ERIC" CHEN, §<br>§<br>*Third-Party Defendant*. §<br>_____ | Civil Action No. 22-943-WCB<br>**Filed Under Seal** |

## MEMORANDUM OPINION AND ORDER

The parties in this case have each requested relief from the court relating to efforts to obtain testimony from a non-party witness, Mr. Zhengrun Wang ("Mr. Wang"). Plaintiff Injective Labs Inc. ("Injective"), moves for an order permitting it to depose Mr. Wang on or before May 3, 2024. Dkt. No. 62. Injective alleges that Mr. Wang has informed it that the defendant/counterclaim plaintiff/third-party plaintiff, Xin Wang ("defendant") "has been harassing Mr. Wang in an attempt to influence his testimony, which forced [Injective's] counsel to obtain written confirmation from Defendant's counsel that the harassment would stop." *Id.* at 2.

1

The defendant responds by asking that the court deny Injective's motion to schedule an immediate deposition of Mr. Wang. The defendant argues that Injective's motion "improperly seeks to leverage baseless allegations of witness tampering to convince the Court to schedule the premature deposition of a key witness before Plaintiff produces relevant inculpatory evidence in its possession necessary for that witness' proper examination." Dkt. No. 68 at 1. In addition, the defendant asks the court to "exercise its inherent authority to address the serious accusations of criminal misconduct baselessly leveled against Defendant." Dkt. No. 68 at 1. Specifically, the defendant asks the court "to conduct an immediate investigation into [Injective's] accusations that threaten to jeopardize the legitimacy of these proceedings." *Id.* The defendant adds that Injective's motion "exhibits cynical gamesmanship deserving sanction" and that "immediate inquiry is necessary to protect the integrity of these proceedings and will likely determine the continued viability of this case." *Id.*

For those reasons, the defendant asks that the court to require Injective and third-party defendant Zhonghan "Eric" Chen "to immediately submit to the Court all communications or documents in their possession concerning Mr. Wang" and "to schedule, at Mr. Wang's earliest convenience, Mr. Wang's video testimony before the Court regarding Plaintiff's accusations of witness tampering." *Id.* at 1–2. These steps, according to the defendant, "would enable the Court to evaluate the evidence, if any, of this alleged misconduct along with Mr. Wang's credibility and take whatever remedial measures, including criminal referral or sanctions, it deems appropriate." *Id.* at 2.

Both motions are DENIED.

**I. Injective's Motion Regarding Mr. Wang's Deposition**

According to Injective, Mr. Zhengrun Wang is a Chinese citizen living in China. Injective seeks to depose Mr. Wang in Hong Kong and represents that Mr. Wang is willing to appear in Hong

Kong to be deposed. Injective characterizes its request as a motion for leave to take a foreign deposition, but its brief seeks action from the court in facilitating such a deposition. Specifically, Injective asks that the court order the defendant to consent to a deposition of Mr. Zhengrun Wang by a U.S. court reporter or, alternatively, that the court commission an individual to administer Mr. Wang's deposition. Dkt. No. 62 at 1. The defendant does not oppose the deposition in its entirety, but asks that any deposition be postponed until document discovery relating to Mr. Wang is completed. Dkt. No. 68 at 11–14.

### I. Foreign Depositions

A federal district court has only limited authority to order depositions in foreign lands. To begin with, the court's subpoena power under Fed. R. Civ. P. 45 does not extend extraterritorially. And while a United States court may order the issuance of a subpoena requiring the appearance of a national or resident of the United States who is in a foreign country, 28 U.S.C. § 1783, that statutory authority does not extend to foreign nationals.

A deposition in a foreign country can be taken pursuant to a treaty or convention, such as the Hague Convention On the Taking of Evidence Abroad in Civil or Commercial Matters, a process that can be facilitated by the district court, *see* Fed. R. Civ. P. 28(b)(1)(A). And a deposition can be conducted pursuant to a letter of request, sometimes referred to as a letter rogatory, *see* Fed. R. Civ. P. 28(b)(1)(B). Injective has not invoked either of those mechanisms in seeking discovery from Mr. Wang.

Two other methods for conducting depositions in federal civil cases are "on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination," Fed. R. Civ. P. 28(b)(1)(C), or "before a person commissioned by the court to administer any necessary oath and take testimony," Fed. R. Civ. P. 28(b)(1)(D). The latter two provisions do not

empower the court to compel the witness's attendance. *See MGI Digital Tech. S.A. v. Duplo U.S.A. Corp.*, No. 8:22-cv-979, 2023 WL 6814579, at *2 (C.D. Cal. Aug. 24, 2023) ("The procedures in Rule 28(b)(1)C) and (D) apply when a witness appears voluntarily."); *Trusz v. UBS Realty Investors LLC*, No. 3:09 CV 268, 2011 WL 577331, at *9 n.5 (D. Conn. Feb. 8, 2011) ("[T]he procedures in Rule 28(b)(1)(C) and (D) only apply when a witness appears voluntarily."); *Estate of Yaron Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 612 (S.D.N.Y. 2006) ("[T]here is nothing in Rule 28(b) to suggest this Court has the power to compel a party to submit to oral examination in a foreign country; the Rule merely sets the standards for the sufficiency of depositions taken outside the reach of the federal courts.").

The provisions in Rule 28(b)(1)(C) and (D) allow voluntary depositions to be taken before authorized persons under certain circumstances, i.e., before "a person authorized to administer oaths either by federal law or by the law in the place of examination" or "before a person commissioned by the court to administer any necessary oath and take testimony." U.S. State Department regulations permit notarizing officers to preside over depositions; however, such officers may only do so when "permitted by the laws or authorities of the country" in which the officer is stationed. 22 C.F.R. § 92.4(a).

Injective is requesting that the court either commission an appropriate individual to conduct a deposition of Mr. Wang in Hong Kong pursuant to Rule 28(b)(1)(D) or order the defendant to stipulate that Mr. Wang's deposition may proceed in Hong Kong before a certified U.S. court reporter pursuant to Rule 28(b)(1)(C). Dkt. No. 77, at 3.[1]

---

[1] Injective argues that the court's authority in appointing or designating an officer before whom Mr. Wang's deposition would take place is necessary because, that absent a stipulation by the parties, Mr. Wang's deposition testimony would not otherwise be admissible. Dkt. No. 72 at 3.

Chinese law "prohibits depositions . . . for use in foreign courts within the borders of People's Republic of China without permission from Chinese authorities through the Hague Convention procedures." *Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487, 500 (N.D. Ill. 2021); *see also* Judicial Assistance Country Information: China, U.S. State Dep't, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (last visited April 2, 2024) (China "does not permit attorneys to take depositions in China for use in foreign courts."). As a result, Chinese citizens have traveled in the past to locations such as Hong Kong and Macau for depositions.

In order to take a deposition of a Chinese citizen in Hong Kong, "the noticing party must first obtain permission from the Hong Kong Competent Authority." *Bella+Canvas, LLC v. Fountain Set Ltd.*, No. 221CV00758ODWMAA, 2022 WL 3697358, at *4 (C.D. Cal. June 29, 2022). The State Department limits consular officers from taking voluntary depositions of non-U.S. citizen witnesses in Hong Kong unless "prior permission is granted by Hong Kong's Competent Authority, voluntary depositions may be conducted by commissioners in Hong Kong regardless of the nationality of the witness, provided no compulsion is used." Judicial Assistance Country Information: Hong Kong, U.S. State Dep't, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/HongKong.html (last visited April 2, 2024). Accordingly, absent permission from the Hong Kong Competent Authority, which Injective does not suggest has been obtained in this case, it does not appear that Mr. Wang can legally be deposed in Hong Kong.

Unless Injective can demonstrate that a deposition of Mr. Wang may lawfully be conducted in Hong Kong (either pursuant to notice or by a person commissioned by the court) without prior approval of Hong Kong's Competent Authority, this court will not take steps to direct that such a deposition take place until such approval is obtained. *See* Advisory Committee Note to the 1963

5

Amendment to Rule 28 ("Some foreign countries are hostile to allowing a deposition to be taken in their country, especially by notice or commission, or to lending assistance in the taking of a deposition. Thus compliance with the terms of amended subdivision (b) may not in all cases ensure completion of a deposition abroad. Examination of the law and policy of the particular foreign country in advance of attempting a deposition is therefore advisable."); 6 Daniel R. Coquillette et al., *Moore's Federal Practice* § 28.13[1] (3d ed. 2023) (for noticed depositions, "it should be determined at the outset if noticed depositions are legal under the laws of the particular foreign country"); *id.* at §28.14[1] (for commissioned depositions, "consular officers may take depositions only if foreign law permits."); 22 C.F.R. § 92.66(a) ("[Commissions are generally issued to U.S. notarizing officers," defined in 22 C.F.R. § 92.1(d) to mean consular officers and other Foreign Service and Department of State employees designated "for the purposes of performing notarial acts overseas . . . ."). I am particularly hesitant to direct that a deposition take place in Hong Kong without assurance of its propriety given the international implications of such an action. *See Lott v. United States*, No. C-07-3530 PJH (EMC), 2008 WL 2923437, at *2 (N.D. Cal. July 25, 2008) (denying a motion to appoint such a commission "without approval from the U.S. State Department"; noting the "international implications").

      In addition to failing to demonstrate that it has obtained the requisite permission, Injective's request for the court to commission an officer to conduct the deposition is problematic because it does not detail what such a commission would entail. *See* 22 C.F.R. § 92.53 ("Normally a commission is accompanied by detailed instructions for its execution."); *AFL Telecoms. LLC v. SurplusEQ.com Inc.*, 2012 U.S. Dist. LEXIS 58257, at *3 (D. Ariz. Apr. 26, 2012) (denying a request for the court to commission an officer where the request listed the relevant dates and times and the attorneys to be present but did not outline the duties of the commissioned officer regarding

administration of oaths or include details regarding translation and court reporting services). Injective has failed to provide detailed instructions for the execution of a commission; in fact, it has not provided any instructions at all. The court will not commission a deposition officer without "detailed instructions" for executing the deposition.

For the foregoing reasons, Injective's request for an order permitting them to depose Mr. Wang in Hong Kong is denied.

## II. Witness Tampering

Defendant argues that "the court should exercise its inherent authority to protect the integrity of these proceedings by hearing testimony on the issue of alleged witness tampering." Dkt. No. 68 at 14. The defendant does not allege that there has been witness tampering. In fact, the defendant vehemently denies Injective's allegations to that effect. Rather, the defendant's request for a hearing appears to be directed to establishing that the defendant has *not* engaged in witness tampering. There is nothing in the record that would suggest the need for judicial intervention.

As for Injective's request that the court "caution Defendant against witness intimidation," there is likewise no sufficient basis in the record to justify the court taking any such action at this time. I am confident that the parties and attorneys in this case are aware of the prohibitions against improperly influencing the testimony of prospective witnesses, and that a reminder to that effect from the court would be superfluous. The defendant's request for relief on the witness tampering issue is therefore denied.

\* \* \* \* \*

The parties filed their motions in this matter under seal. Accordingly, in an excess of caution, I am filing this memorandum opinion and order under seal. Within three business days of the issuance of this order, the parties are directed to advise the court by letter whether they wish any

portions of the order to remain under seal, and if so, which portions.  Any request that portions of this order should remain under seal must be supported by a particularized showing of need to limit public access to those portions of the order.

    IT IS SO ORDERED.

    SIGNED this 5th day of April, 2024.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE