IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XIN WANG, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. 22-943 |
| | § | |
| INJECTIVE LABS INC. and ZHONGHAN "ERIC" CHEN, | § § § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM ORDER**

On April 18, 2025, the parties filed summary judgment and *Daubert* motions. Mr. Wang attached to his motion a declaration, which is dated March 25, 2024. Dkt. No. 161-5. That declaration was filed as Exhibit 5 to the brief in support of Mr. Wang's summary judgment motion. That brief cites to the declaration twice. Dkt. No. 161 at 4, 9.

On April 24, 2025, Mr. Wang filed a motion to correct, seeking to substitute a different declaration by Mr. Wang for the March 25, 2024, declaration that was filed as Exhibit 5 to Mr. Wang's summary judgment motion. Dkt. No. 164. The proposed replacement declaration, which is four pages long, is dated April 18, 2025. Dkt. No. 164-1. Defendants Injective Labs Inc. and Mr. Chen (collectively, "Injective") opposed the motion to correct. Dkt. No. 165.

Mr. Wang explains in his motion that "due to a clerical error," one of his old declarations, which had been submitted to the court in connection with an earlier motion, was submitted with his summary judgment motion instead of the new April 18 declaration, which was the declaration that was intended to accompany the summary judgment motion. Dkt. No. 164. Mr. Wang states that substitution of the new declaration will not prejudice Injective because the content of the new

1

declaration is consistent with and discussed in his summary judgment motion. *Id.* Injective argues that granting the motion would prejudice it because (1) the declaration is untimely, thereby shortening the time in which Injective has to respond to the declaration, (2) the declaration contradicts record evidence and is offensive, and (3) the declaration contains facts about which Mr. Wang refused to testify during his deposition. Dkt. No. 165 at 3.

A court's decision whether to permit supplementation of the summary judgment record, which is in essence what is involved here, is committed to the discretion of the district court. *See Kamienski v. Ford*, 844 F. App'x 520, 525 (3d Cir. 2021); *Edwards v. Pennsylvania Tpk. Comm'n*, 80 F. App'x 261, 265 (3d Cir. 2003). Here, Mr. Wang has moved for summary judgment that Injective breached its agreement with Mr. Wang. One of Mr. Wang's arguments in support of that motion is that Injective was not justified in breaching the agreement. Dkt. No. 161 at 8. Specifically, Mr. Wang argues that the "only purported evidence Injective presented to support its allegation that Wang violated the resale provisions of the [agreement at issue] are unauthenticated hearsay messages from [two individuals], whom Injective barely knew and that harbored personal resentment toward Wang arising from prior romantic or business relationships." *Id.* at 8–9. It is for that proposition that Mr. Wang cites his declaration.

I conclude that there would little, if any, prejudice to Injective by allowing Mr. Wang to make the substitution. First, Injective's response to the proposition for which Mr. Wang cites his declaration will presumably be consistent with the arguments that Injective has made in its opposition to the present motion: that his declaration conflicts with the record evidence and his deposition testimony, thereby raising factual disputes that cannot be resolved on summary judgment in Mr. Wang's favor. *See* Dkt. No. 165. Accordingly, it appears that in the course of preparing its opposition to the present motion Injective has already completed much of the work that will be

required to respond to the new declaration. Additionally, the declaration is not featured prominently in Mr. Wang's motion for summary judgment, and the only proposition for which it is cited is seemingly a minor one. Furthermore, the declaration does not change the substance of Mr. Wang's argument; it merely changes the specific record references supporting the argument. Finally, although Injective accuses Mr. Wang of bad faith in his delay, and although Mr. Wang has demonstrated a pattern of tardiness in this litigation, there is nothing to support a finding of bad faith in this instance. Mr. Wang would have had little to gain from intentionally submitting an inapposite declaration and then, with a week still to go in the time for Injective to respond to Mr. Wang's motion, seeking to switch the declarations so as to gain a tactical advantage over Injective.[1] That hypothesis, which is necessary to support Injective's theory that Mr. Wang's motion to substitute has been submitted in bad faith, is unconvincing. A much more plausible hypothesis is that Mr. Wang filed the wrong declaration, discovered the error after the fact, and now seeks to correct it. Therefore, I will accept Mr. Wang's representations that this oversight was a clerical error and was unintentional.

In sum, I find that there is no significant prejudice to Injective from allowing the substitution, so I will grant the motion to substitute the April 18, 2025, declaration for the previously filed declaration dated March 25, 2024.

---

[1] Mr. Wang asserts that his counsel advised Injective of the filing error six days after filing his summary judgment motion and sought Injective's agreement to the substitution of the new declaration at that time. Therefore, Injective had notice of the proposed substitution with eight days remaining in which to file its response to the summary judgment motion, more than half the allotted time under the Local Rules for responding to motions for summary judgment.

IT IS SO ORDERED.

SIGNED this 28th day of April, 2025.

                                                     WILLIAM C. BRYSON
                                                    UNITED STATES CIRCUIT JUDGE