IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XIN WANG, | § | |
| | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 22-943-WCB |
| | § | |
| INJECTIVE LABS INC. and ZHONGHAN "ERIC" CHEN, | § § § | |
| | § | |
|    *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Xin Wang ("Wang") brought this action against defendants Injective Labs, Inc., and Zhonghan "Eric" Chen (collectively, "Injective") alleging the breach of three agreements and seeking damages for the breaches. A five-day trial is scheduled to begin on February 9, 2026.

    The plaintiff has requested that the court bifurcate the trial, so that the jury would first decide liability and then, if necessary, separately decide the issue of damages. Dkt. No. 235. The defendants have filed a brief in opposition to the motion to bifurcate the trial, Dkt. No. 238, and the plaintiff has filed a reply, Dkt. No. 239.

    Rule 42(b) of the Federal Rules of Civil Procedure provides that a court "may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for "convenience, to avoid prejudice or to expedite and economize." The Advisory Committee Note on the 1966 amendment to Rule 42(b) states that "separation of issues for trial is not to be routinely ordered," but that it is "encouraged where experience has demonstrated its worth." Fed. R. Civ. P. 42(b) advisory committee note to 1966 amendment.

The decision whether to bifurcate a trial is subject to the discretion of the district court. *Thabault v. Chait*, 541 F.3d 512, 529 (3d Cir. 2008); *Idzojtic v. Pa. R.R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972); *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 520 (D. Del. 2002). Like other courts, the Third Circuit has stated that bifurcating trials "is not to be the usual course." *Branch v. Temple Univ.*, No. 21-3099, 2023 WL 3993016, at *3 (3d Cir. June 14, 2023) (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2388 (3d ed. 2023)); *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978); see *Sprint Commc'ns Co. v. Charter Commc'ns, Inc.*, No. 17-1734, 2021 WL 982730, at *1 (D. Del. Mar. 16, 2021) ("[B]ifurcation remains the exception rather than the rule."); *SenoRx, Inc. v. Hologic, Inc.*, 920 F. Supp. 2d 565, 567 (D. Del. 2013) (same); *Sepracor Inc. v. Dey L.P.*, No. 06-113, 2010 WL 2802611, at *3 (D. Del. July 15, 2010) (same); *see generally* 9A Wright & Miller, *supra*, § 2388, at 95–96. The party moving for bifurcation has the burden of establishing that bifurcation is appropriate. *Sprint Commc'ns*, 2021 WL 982730, at *1 (quoting *SenoRx, Inc.*, 920 F. Supp. 2d at 567); *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 975 (4th Cir. 2020) ("The party requesting separate trials bears the burden of convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party.") (citation omitted).

Wang argues that bifurcation is appropriate in this case because of the complexity of the case, both as to liability and damages. Trying the case without bifurcation, Wang contends, would risk subjecting the jury to "information overload," a risk that would be avoided if the case were bifurcated so that the jury would address those two issues separately. Dkt. No. 236 at 4–5. Wang requests that the same jury decide liability and damages, but that a trial and verdict on liability

2

proceed first, followed by a trial and verdict on damages if liability is found in the first stage of the proceeding.

I am not persuaded that proceeding in the fashion Wang suggests would significantly reduce the risk of jury confusion or result in any material saving of time and expense. The trial is currently scheduled to last five days. Wang does not suggest that bifurcating the trial will reduce its length unless the jury finds no liability at the end of the first phase of the trial. On the other hand, having two separate sets of closing arguments, instructing the jury twice, and having the jury conduct two separate deliberations would likely be more cumbersome and take longer than conducting the trial in a single phase, with one set of closing arguments, one set of instructions, one session of jury deliberations, and a single verdict at the end.

I also am not persuaded that this case is so complex that it is likely to test the limits of the jury's comprehension. Only a small number of witnesses are expected to testify at trial, and the events in dispute are confined to a short period involving a limited number of transactions. The liability issue turns on three fairly simple agreements and does not appear to involve unusually technical or complex factual or legal issues. While Wang suggests that the damages issue involves "complex economic analysis and mathematical computation," Dkt. No. 236, at 5, I see no indication that the damages issue will be any more complex than is commonly the case when claims for damages arise from financial transactions that have gone awry.

Even accepting Wang's contention that the calculation of damages will entail great complexity that would be challenging for a jury, I do not expect that splitting the case into two parts would solve that problem. Unless the jury finds no liability, the damages issue will be as complex if presented to the jury separately as it would be if presented along with the issue of liability. And the possibility that the jury will return a verdict in favor of Injective on the issue of

3

liability, thereby avoiding the need for a trial on damages, is entirely speculative.  In *Masimo Corp. v. Philips Electronics North America Corp.*, 742 F. Supp. 2d 492, 497–98 (D. Del. 2010), the court did not regard that possibility as weighing heavily in favor of bifurcation, particularly because the party moving for bifurcation had not demonstrated that it was highly likely that its defense on liability would prevail at trial.  In this case, of course, Wang has not suggested that it is highly likely that Injective will prevail at trial on the issue of liability and that there will be a significant saving of resources as a result.

Finally, although Wang hints that conducting a single trial would be prejudicial to him by informing the jury at the outset of the trial about the large damages award he is seeking, that is an issue that arises in every case in which a jury is asked to find liability and award significant damages.  I see nothing unusual about the circumstances of this case that would justify taking the unusual step of bifurcating the trial simply to avoid having the jury know from the outset what the plaintiff is seeking to recover.

Because Wang has not met his burden of showing that bifurcating the trial would result in greater convenience to the participants and would be conducive to expedition and economy, the motion to bifurcate the trial is denied.

IT IS SO ORDERED.

SIGNED this 23d day of December, 2025.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE