IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| XIN WANG,<br><br>          Plaintiff,<br><br>          vs.<br><br>INJECTIVE LABS INC and ZHONGHAN "ERIC" CHEN,<br><br>          Defendants. | Civil Action No.: 1:22-CV-00943-WCB |

## **PROPOSED PRETRIAL ORDER**

Counsel for the Plaintiff are:

Mark M. Billion (DE Bar 5263)
1073 S. Governors Ave.
Dover, DE 19904
Telephone: (302) 428-9400
markbillion@billionlaw.com

Tyler J. Harttraft
(Admitted pro hac)
James M. Wines
(Admitted pro hac)
Xiaoyang Li
(Admitted pro hac)
BULL BLOCKCHAIN LAW LLP
21 South 11th Street, Floor 2
Philadelphia, PA 19107
Telephone: (215) 695-5860
tyler@bullblockchainlaw.com
james@bullblockchainlaw.com
xiaoyang@bullblockchainlaw.com

Counsel for the Defendant are:

Geoffrey G. Grivner (#4711)
Kody M. Sparks (#6464)
500 Delaware Ave., Suite 720
Wilmington, DE 19801
Phone: (302) 552-4202
Facsimile: (302) 552-4295
Email:
geoffrey.grivner@bipc.com
Email:
kody.sparks@bipc.com

OF COUNSEL:

Michael Winograd
(*pro hac vice*)
Hayden A. Miller
(*pro hac vice*)
BROWN RUDNICK, LLP
7 Times Square
New York, NY 10036
Phone: (212) 209-4800
Facsimile: (212) 209-4801
hmiller@brownrudnick.com
mwinograd@brownrudnick.com

OF COUNSEL:

Stephen D. Palley, Esq.
(pro hac vice)
BROWN RUDNICK, LLP
1900 N Street NW, 4th Floor
Washington, DC 20036
Phone: (202) 536-1766
Facsimile: (617) 289-0466
Email:
spalley@brownrudnick.com

Johanna P. Fay
(*pro hac vice*)
BROWN RUDNICK, LLP
One Financial Center
Boston, MA  02111
Phone: (617) 856-8200
Facsimile: (617) 856-8201
jfay@brownrudnick.com

# TABLE OF CONTENTS

I.     NATURE OF THE ACTION AND THE PLEADINGS.......................................................... 1

    A.  Pleadings .................................................................................................................. 2

    B.  Summary Judgment and Daubert Motions ............................................................... 2

    C.  Statements Regarding the Scope of the Issues to be Tried ...................................... 3

        1.  Plaintiff's Statement......................................................................................... 3

        2.  Defendant's Statement ..................................................................................... 4

II.    FEDERAL JURISDICTION ............................................................................................. 5

III.   JOINT STATEMENT OF STIPULATED FACTS ............................................................ 6

IV.    STATEMENTS OF ISSUES OF FACT THAT REMAIN TO BE LITIGATED.............. 6

V.     STATEMENTS OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED................... 7

VI.    TRIAL EXHIBITS ........................................................................................................... 7

    A. Demonstrative Exhibits............................................................................................. 10

    B. Procedures for the Disclosure of Trial Exhibits and Demonstrative Exhibits.......................11

VII.   TRIAL WITNESSES ...................................................................................................... 12

    A. Witnesses to be Called ............................................................................................. 12

    B. Testimony by Deposition & Procedures for the Disclosure Thereof ................................. 14

VIII.  STATEMENTS OF INTENDED PROOFS ..................................................................... 16

    A. Plaintiff's Statement................................................................................................. 16

    B. Defendant's Statement.............................................................................................. 17

IX.    AMENDMENTS TO THE PLEADINGS........................................................................ 18

X.     CERTIFICATION OF GOOD FAITH EFFORTS AT SETTLEMENT ........................... 18

XI.    MOTIONS IN LIMINE.................................................................................................... 18

XII.   JURY TRIAL................................................................................................................... 19

XIII.  ORDER OF PRESENTATION OF EVIDENCE ............................................................. 20

XIV.   LENGTH OF TRIAL ...................................................................................................... 21

XV.    HANDLING OF CONFIDENTIAL INFORMATION AT TRIAL.............................. 21

XVI.   SEQUESTRATION OF WITNESSES............................................................................. 22

XVII.  SET UP OF ELECTRONIC AND COMPUTER DEVICES........................................ 22

XVIII. ORDER TO CONTROL THE COURSE OF ACTION ............................................. 22

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

## PROPOSED PRETRIAL ORDER[1]

On February 2, 2026, counsel for Xin Wang ("Plaintiff" or "Mr. Wang") and Injective Labs Inc. ("Defendant" or "Injective") will participate in a pretrial conference before this Court pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.3.

Pursuant to this Court's Scheduling Order, a jury trial will take place beginning on February 9, 2026. The trial will address Plaintiff's claims for breach of contract (Count III), and breach of implied covenant of good faith and fair dealing (Counts IV) related to the parties' Consulting Agreement,[2] as well as Defendant's defenses thereto. If Defendant is found liable, the [trial will also address the damages, if any, to which Plaintiff is entitled.] [jury will be instructed to award him damages.]

## I.    NATURE OF THE ACTION AND THE PLEADINGS

1.    This is an action for breach of the Consulting Agreement dated December 13, 2019 ("Consulting Agreement"), and breach of that contract's implied covenant of good faith and fair dealing.

2.    Plaintiff claims Defendant breached the Consulting Agreement by failing to procure Plaintiff's right to purchase 8,000,000 of Defendant's cryptocurrency tokens, ticker symbol "INJ" ("INJ Tokens") from the token issuer and by failing to take commercially reasonable measures to ensure that the token issuer complied with the provisions of the

---

[1] This Proposed Pretrial Order is fashioned in accord with the requirements of Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.3. *See also, Kaneka Corp. v. Designs for Health, Inc.*, Civ. No. 21-209-WCB, Docket No. 155 *filed* June 16, 2023 (D. Del. 2023).

[2] Plaintiff has elected not to pursue at trial his breach of contract (Count II) and breach of implied covenant of good faith and fair dealing (Count V) claims related to the parties' SAFTs, or his unjust enrichment claim (Count VIII) related to the Consulting Agreement. (ECF 20.)

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

Consulting Agreement. Plaintiff also claims Defendant breached the Consulting Agreement's implied covenant of good faith and fair dealing by engaging in unfair or bad faith conduct that frustrated or prevented Plaintiff from receiving the benefits to which he was entitled under the Consulting Agreement. Plaintiff seeks expectation damages resulting from Defendant's breach.

3.      Defendant denies that it breached the Consulting Agreement and denies that it breached the Consulting Agreement's implied covenant of good faith and fair dealing.  It also asserts the affirmative defenses of prior material breach by the Plaintiff of the Consulting Agreement, unclean hands and failure to mitigate damages.

### A.  Pleadings

4.      On July 18, 2022, Defendant initiated this action by filing a complaint seeking declaratory judgment against Plaintiff in Civil Action No. 1:22-cv-00943-WCB. (ECF 1.)

5.      On January 17, 2023, Plaintiff filed an Answer and Counterclaim. (ECF 20.)

6.      On May 23, 2023, Defendant filed an Answer. (ECF 43.)

7.      On May 13, 2024, the Court voluntarily dismissed Defendant's complaint for declaratory judgment and amended the caption to realign the parties. (ECF 81.)

### B.  Summary Judgment and Daubert Motions

8.      On February 10, 2025 Plaintiff moved for an order striking the expert report of Timothy McKenna, striking all references related to the same, and precluding Mr. Wang from offering expert testimony on damages or token valuation. (ECF 131-132.)

9.      On March 11, 2025, the Court granted Defendant's motion to exclude Mr. McKenna from offering affirmative theories on the estimation of damages, including paragraphs 11-14, 25-43, 52-55, 61-70, and 72 of his report.  (ECF No. 149.)

2

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

10.    On April 18, 2025, Plaintiff moved for partial summary judgment on his breach of contract claims (Counts II and III) and to exclude the opinions and testimony of Defendant's experts Franck Risler and Anne Marie Tierney. (ECF 159-164.)

11.    On April 18, 2025, Defendant moved for partial summary judgment on Plaintiff's breach of contract (Counts II and III), conversion (Count VI), civil theft (Count VII) and unjust enrichment (Count VIII) claims and to exclude the opinions and testimony of Plaintiff's experts Mary M. Lewis and Timothy McKenna. (ECF 155-158.)

12.    On June 26, 2025, the Court denied Plaintiff's motion for summary judgment. (ECF 222.) The Court granted in part Defendant's motion for summary judgment as to Plaintiff's claims for conversion and civil theft and denied Defendant's motion for summary judgment as to Plaintiff's remaining claims. (*Id.*)

13.    The Court's June 26, 2025 Order excluded portions of the expert opinion and testimony of Anne Marie Tierney concerning her opinion that Mr. Wang is not entitled to purchase 8,000,000 tokens, contrary to the Court's interpretation of the Consulting Agreement. (*Id.*)  The Court also excluded portions of the expert opinion and testimony of Franck Risler that relied on the October 20, 2020 initial exchange offering ("IEO") as the date of breach for the Consulting Agreement. (*Id.*)

14.    The Court's June 26, 2025 Order excluded the portions of the opinion and testimony of Timothy McKenna concerning the legal standard for measuring damages the jury should apply, Mr. Wang's right to receive tokens for free, date of breach, purchase terms and typical compensation paid to consultants, and denied Defendant's motion to exclude other portions of Mr. McKenna's opinions and proposed testimony.  (*Id.*) The Court excluded the

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

portions of the opinion and testimony of Mary M. Lewis concerning a 409A valuation report produced by Defendant. (*Id*.)

### C. Statements Regarding the Scope of the Issues to be Tried

#### 1. Plaintiff's Statement

15.    Plaintiff intends to try his claim for breach of the Consulting Agreement (Count III) and that contract's implied covenant of good faith and fair dealing (Count IV). (ECF 20.)

16.    Upon a finding of liability on either of these claims, Plaintiff is entitled to expectation damages sufficient to compensate Plaintiff for not receiving his expected benefits under the Consulting Agreement. Depending on the jury's determination of disputed facts, the following ministerial tasks related to damages will be performed by the Court following the jury's verdict: (i) calculation of the dollar amount of pre-judgment and post-judgment interest, if any, to which Plaintiff is entitled; (ii) calculation of the dollar amount of cost, if any, to which either party is entitled, including the amount of attorney's fees awardable under Section 9.4 of the Consulting Agreement. The parties agree that the above calculations are to be done by the Court after the jury's verdict, with appropriate input from parties' counsel to the extent requested or allowed by the Court.

#### 2. Defendant's Statement

17.    Defendant contends that Plaintiff is incapable of proving liability for breach of the Consulting Agreement (Count III) or the implied covenant of good faith and fair dealing (Count IV). (ECF 20.)

18.    The Consulting Agreement is a call option and, in order to exercise that option, Mr. Wang was obligated to first offer to purchase the INJ Tokens that were the subject of the

4

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

agreement.  Instead, Mr. Wang insisted upon receiving the INJ Tokens for free.  Demanding free tokens is insufficient to exercise the relevant call option as a matter of law.

19.    Separately, the Consulting Agreement requires Mr. Wang to offer certain services—e.g., "maki[ing] introductions and assist[ing] in the acquisition of customers, strategic partners, and key industry contacts" (Consulting Agreement, Statement of Work, Section 2)—at a high standard—i.e., "in a thorough and professional manner, consistent with high professional and industry standards by individuals with the requisite training, background, experience, technical knowledge and skills to perform such services" (Consulting Agreement, Section 6.2.) Mr. Wang fell far short of this standard.  He did not obtain a single investor for Injective. Instead, he diverted corporate opportunities to himself, divulged confidential information to third parties, resold tokens to third parties for his own profit gain, and created liabilities for Injective.

20.    Injective also maintains that it is relieved of any duty to procure Mr. Wang's right to purchase INJ Tokens due to Mr. Wang's prior material breach.  Among other things, Mr. Wang improperly sold his future rights to INJ Tokens to various third parties.  Mr. Wang further violated his duties and responsibilities under the Agreement by disparaging Injective and disclosing confidential information.

21.    If the Jury finds on a liability on either of Plaintiff's claims, Plaintiff is entitled only to expectation damages sufficient to compensate Plaintiff for not receiving his expected benefits under the Consulting Agreement.  Depending on the jury's determination of disputed facts, the following tasks related to damages will need to be performed[3]: (i) calculation of the

---

[3]  [While Mr. Wang contends that the Court is responsible for calculating damages, that is inconsistent with the operative law.  Instead, the Court is to exclude improper damages methodologies and instruct the jury on whether one, or both, of the parties' respective damages methodologies are reasonable.  Afterwards, the Jury is permitted to calculate damages.]

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

dollar amount of pre-judgment and post-judgment interest, if any, to which Plaintiff is entitled; (ii) calculation of the dollar amount of cost, if any, to which either party is entitled, including the amount of attorney's fees awardable under Section 9.4 of the Consulting Agreement. Injective contends that the calculations must be done by the jury.

## II.    FEDERAL JURISDICTION

22.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between a citizen of a state and a citizen or subject of a foreign state who is not admitted for permanent residence in the U.S. and is not domiciled in the same state, and the amount in controversy is greater than $75,000 exclusive of costs and interest. No party contests this Court's subject matter jurisdiction.

23.    The Court has personal jurisdiction over Defendant because Defendant is a Delaware corporation. No party contests personal jurisdiction.

24.    Venue is proper in this judicial district under 28 U.S.C. § 1391 because the claims at issue arise out of contracts entered into in Delaware by Defendant, a Delaware corporation. No party contests venue.

## III.    JOINT STATEMENT OF STIPULATED FACTS

25.    The parties' Joint Statement of Stipulated Facts ("Stipulated Facts") is attached hereto as **Exhibit 1**.

26.    The Court will instruct the jury at the beginning and at the conclusion of the presentation of evidence that the jury is to accept the Stipulated Facts as true and consider them as part of the evidence in the case.

27.    Any Stipulated Fact may be used and published to the jury in opening statements by either party.

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

28.     Copies of the Stipulated Facts will be submitted to the jury, along with the Final Jury Instructions and Special Verdict Forms, at the beginning of jury deliberations.

## IV.     STATEMENTS OF ISSUES OF FACT THAT REMAIN TO BE LITIGATED

29.     Plaintiff's Statement of Issues of Fact that Remain to be Litigated is attached hereto as **Exhibit 2.**

30.     Defendant's Statement of Issues of Fact that Remain to be Litigated is attached hereto as **Exhibit 3.**

31.     If the Court determines that any issue identified in a party's statement of contested issues of fact is more properly considered an issue of law, it should be so considered.

## V.     STATEMENTS OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED

32.     Plaintiff's Statement of Issues of Law that Remain to be Litigated is attached hereto as **Exhibit 4**.

33.     Defendant's Statement of Issues of Law that Remain to be Litigated is attached hereto as **Exhibit 5**.

34.     If the Court determines that any issue identified in a party's statement of contested issues of law is more properly considered an issue of fact, it should be so considered.

## VI.     TRIAL EXHIBITS

35.     Plaintiff's list of exhibits it may offer at trial, including Defendant's objections, if any, is attached hereto as **Exhibit 6**.[3][4] Plaintiff's trial exhibits will be identified with PTX numbers, starting with PTX 0001. Plaintiff's demonstrative trial exhibits will be identified with PDX, starting with PDX 0001.

---

[3][4] Pursuant to this Court's Supplemental Scheduling Order dated December 4, 2025, the parties will exchange trial exhibit lists (PTO Exs. 6 & 7) on January 5, 2026.

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

36.     Defendant's list of exhibits that it may offer at trial, including Plaintiff's objections, if any, is attached hereto as **Exhibit 7**. Defendant's trial exhibits will be identified with DTX numbers, starting with DTX 0001. Defendant's demonstrative trial exhibits will be identified with DDX, starting with DDX 0001.

37.     No exhibit may be published, displayed, or otherwise shown to the jury until after it has been qualified for admission into evidence.

38.     The parties have agreed to a procedure with respect to demonstrative exhibits that does not require demonstrative exhibits to be included on the trial exhibit lists. Those procedures for the exchange of demonstrative exhibits are addressed separately herein. For purposes of this Pretrial Order, the following "demonstrative exhibits" are not subject to the exchange provisions set forth herein: (1) exhibits created in the courtroom during testimony or opening at trial or (2) the enlargement, highlighting, ballooning, excerption, or other emphasis of a trial exhibit (or parts of a trial exhibit) or a transcript of testimony, as long as the party has identified its intent to use the trial exhibit and/or deposition testimony according to the provisions of this Order, and such ballooning, excerption, highlighting, etc., accurately reflects the content of the exhibit.

39.     The exhibit lists attached as **Exhibit 6** and **Exhibit 7** include citations to the Federal Rules of Evidence to note any objections lodged by the opposing party. In addition, any exhibit implicated by a party's *motion in limine* is deemed objected to and the exhibit lists will include a citation to the relevant motion, for example, "PML #___." Exhibits not objected to may be introduced into evidence by the identifying party through any witness competent to testify regarding the exhibit, without need for additional foundation testimony, provided, however, that an expert may not introduce any exhibit that was not relied upon in any of that expert's respective report(s) submitted pursuant to Fed. R. Civ. P. 26(a)(2)(B).

8

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

40.    Any description of a document, or any date associated with a document, on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document or any other listed document. Similarly, failing to list a date is neither evidence nor an admission of whether the document is dated.

41.    Any documents, deposition transcripts, or portions thereof, or other items, not specifically identified in any of the exhibit lists or offered into evidence, may still be used at trial for purposes of impeachment or rehabilitation, if otherwise competent for such purposes, and may be admitted into evidence to the extent consistent with the requirements of the Federal Rules of Evidence. Subject to these provisions, exhibits not listed on any party's exhibit list will not be admitted into evidence absent good cause shown or by agreement of the parties. The parties agree that exhibits necessary to account for information learned in discovery completed or occurring after the submission of this Pretrial Order shall constitute good cause for admission into evidence, subject to evidentiary objections.

42.    Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections, and if such evidentiary objections are overruled, any such exhibit may be admitted into evidence. Any exhibit, once admitted, may be used equally by each party. The listing of an exhibit by a party on its exhibit list does not waive any evidentiary or other objections to that exhibit by the listing party should the opposing party attempt to offer it into evidence.

43.    Certain exhibits were originally created in the Chinese language. The parties agree that only certified English translations of such exhibits shall be presented to the jury and admitted into evidence. Any exhibit not accompanied by a certified English translation shall not be admitted into evidence.

9

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

44.    The parties agree that any exhibit identified in the lists attached hereto and otherwise unobjected to or admitted over objection may be used and published to the jury in opening statements by the identifying party.

45.    Each party may use a subset or excerpt of an exhibit as a standalone exhibit subject to evidentiary objections. Such subset exhibit shall be marked with the entire exhibit's number followed by a letter, for example, "PTX 0001-A."

46.    The parties will meet and confer regarding replacing any poor-quality print or digital copies of exhibits with substantially identical, improved, or higher-quality or color copies.

47.    Legible copies of exhibits may be offered into evidence in lieu of originals, subject to all foundational requirements and other objections that might be made to the admissibility of originals. Electronic versions of document exhibits in their native format, such as spreadsheets or presentations, may be offered into evidence in lieu of paper or PDF versions. The parties will exchange replacement versions and/or native versions of exhibits prior to use in trial.

48.    The parties will meet and confer in a further effort to refine and shorten their exhibit lists and to resolve objections without the Court's intervention. On or before the first day of trial, each party will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list corresponding to their respective final exhibit lists.

49.    Each party shall be permitted at the start of its case-in-chief to make an omnibus motion for submission into evidence of exhibits on its list attached hereto and not subject to an evidentiary objection recorded thereon.

**A. Demonstrative Exhibits**

10

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

50.     Demonstratives are to be used for illustrative purposes only and will not be entered into evidence. Following the conclusion of trial, demonstratives shown to the jury may be lodged with the Court. The parties do not waive any objection to the admissibility of evidence cited or referenced in any demonstrative exhibit.

51.     For purposes of disclosure to the other party, a party shall provide either (1) a color PDF or PowerPoint copy of the demonstrative exhibit it is intending to use; or (2) for videos or animations, a digital interactive format, including, as applicable, flash format, PPT format, MPEG or other video format, of demonstrative video or animation it is intending to use. Further, to the extent necessary, the parties will confer to the extent they are unable to provide a demonstrative in the specified format. For irregularly sized physical demonstrative exhibits, the party seeking to use it shall provide a color representation in 8.5" x 11" PDF format.

52.     For each demonstrative exhibit that is based in whole or in part on an admissible trial exhibit, the party intending to use the demonstrative exhibit will disclose, either on the face of the demonstrative exhibit or in an accompanying writing provided at the time the demonstrative exhibit is disclosed to the opposing party, all trial exhibits that form the basis of the demonstrative exhibit.

53.     The provisions regarding the exchange of demonstrative exhibits do not apply to demonstrative exhibits created during testimony or demonstrative exhibits to be used for cross examination, neither of which needs to be provided to the other side in advance of their use. The parties further agree that notice of a party's intended use of enlargements of trial exhibits and/or deposition testimony and of ballooning, excerption, highlighting, or other emphasis of the particular exhibit and/or deposition testimony, need not be provided to the other side in advance

11

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

of their use, subject to the parties evidentiary objections and compliance with the provisions of the Pretrial Order governing the use of trial exhibits and/or deposition testimony.

## B. Procedures for the Disclosure of Trial Exhibits and Demonstrative Exhibits

54.    A party shall provide, together with its identification of a witness to be called (as provided in Section VII below), a list of trial exhibits to be used in connection with a direct examination of that witness by 7:00 p.m. local time two calendar days before their intended use. Any objections by the opposing party will be provided no later than 7:00 p.m. local time the following day. The parties shall meet and confer within two hours of the exchange of objections to resolve any objections. If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand.

55.    A party shall provide demonstrative exhibits to be used in connection with a direct examination by 7:00 p.m. local time one calendar day before their intended use. Objections to any such demonstrative exhibits shall be made by 9:00 p.m. local time that same day. The parties will meet and confer on any objections by 10:00 p.m. local time that same day and will present any unresolved issues to the Court prior to the witness being called to the witness stand.

56.    With respect to opening statements, the parties shall identify any trial exhibits and demonstrative exhibits they intend to use by 9:00 a.m. local time one calendar day before opening statements. Objections to any such trial exhibits and demonstrative exhibits shall be made by 5:00 p.m. local time that same day. The parties will meet and confer on any objections by 8:00 p.m. local time that same day and will present any unresolved issues to the Court before the beginning of opening statements.

## VII.    TRIAL WITNESSES

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

**A. Witnesses to be Called**

57.    Plaintiff may call the following witnesses to testify, either in person or by deposition, at trial in his case-in-chief or in his rebuttal case:

1)  Xin Wang

2)  Zhonghan "Eric" Chen

3)  Mary M. Lewis

4)  Timothy McKenna

5)  Franck Risler

6)  Stephen D. Palley, Esq.

58.    Defendant has filed Motions in Limine objecting to Plaintiff seeking to call Mr. Chen, Dr. Risler and Mr. Palley as witnesses.  The Court will rule on these Motions prior to trial in this matter.

59.    Defendant may call the following witnesses to testify, either in person or by deposition, at trial in its case-in-chief or in its rebuttal case:

1)  Eric Chen

2)  Xinran Xu

3)  Franck Risler

4)  Annemarie Tierney

60.    Any witness not listed above is precluded from testifying, absent good cause shown. No party shall be required to present testimony from any witness on its list of witnesses, however, counsel for both parties represent to the Court their good faith effort to limit their witness lists so as to contain only witnesses available to testify and whom they have the present intent, as of the submission of this pretrial order, of calling to testify at trial.

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

61.     Each witness will testify only once. Any witness listed on both Plaintiff's and Defendant's witness list shall appear during the case-in-chief or rebuttal case of the party by which the witness is employed or otherwise affiliated. [Since each such witness will testify only once, the] [The] scope of cross-examination for such witnesses may [not ]exceed the scope of the direct [and motions for directed verdict shall not be made until after all evidence has been presented. This provision does not preclude a witness from testifying a second time as a rebuttal witness to the extent allowed by the Court.].

62.     A party shall identify the specific witnesses it intends to call to testify on each trial day by 7:00 p.m. local time two (2) days before they are to be so called.

## B. Testimony by Deposition & Procedures for the Disclosure Thereof

63.     With respect to witnesses who may be called to testify by deposition, the parties have designated specific page and line numbers of deposition testimony that they intend to read or play back during their case-in-chief. New materials may not be added without good cause.

64.     Plaintiff's preliminary list of designations, as well as Defendant's objections and preliminary counter designations, are attached hereto as **Exhibit 8**.[5]

65.      [**Remove since no designations?**]The parties agree that to the extent a deposition designation contains attorney objections and/or colloquy, such objections and colloquy shall be eliminated to the extent feasible when any testimony is shown or read in Court.

66.     Any party may use deposition testimony that is designated by another party (subject to the objections of the designating party), to the same effect as if it had initially designated the testimony as its own.

---

[5] Pursuant to this Court's Supplemental Scheduling Order dated Decmeber 4, 2025, the parties will exchange deposition designations (PTO Exs. 8 & 9) on Janauary 5, 2026.

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

67.     A party intending to offer a witness by deposition shall provide the other party with a list of final deposition designations (from the list of previously designated preliminary designations, including counter designations) it intends to introduce by 7:00 p.m. local time two calendar days before the deposition testimony is expected to be read or played in Court. The parties will meet and confer on any objections by 9:00 p.m. local time that same day.

68.     Disputed designations shall be submitted to the Court by the party offering the objections by 9:00 a.m. local time on the day before such deposition testimony is expected to be read or played in Court, except disputed designations expected to be read or played in Court on the first day of trial shall be submitted that day. The submissions of disputed designations to the Court shall include highlighted copies of the disputed materials and an itemized list of the remaining objections.

69.     If a party designates deposition testimony, and the other party counter-designates, then the designations and counter-designations will be read or played in chronological order. Regardless of whether deposition testimony is read or played by video, the time available for each party's trial presentation shall be reduced by the length of its designations and counter designations. The parties' calculation of the time to be charged to each party for witnesses testifying by deposition will be provided to the Court's law clerk in advance of the reading or playing of each witness's deposition testimony.

70.     Subject to the above provisions, the parties may offer some or all of the deposition testimony set forth in the attachments hereto at trial. A party's decision not to introduce some or all of the deposition testimony of a witness designated herein shall not be commented upon at trial.

15

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

71.    Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purposes.

72.    In order to reduce the number of duplicative exhibits, where a deposition excerpt refers to a document by exhibit number and/or Bates number and that identical document was also marked as a trial exhibit, a party may substitute the trial exhibit for the document referred to in the deposition.

73.    The party calling a witness to testify by deposition at trial will provide the Court with a copy of the transcript of the designations and counter-designations that will be read or played.

## VIII.   STATEMENTS OF INTENDED PROOFS

### A. Plaintiff's Statement

74.    Plaintiff's statement is limited to his expected proof with regard to his claims for relief and damages and does not address the proof that it may choose to present in rebuttal to the defenses that Defendant may present in its case-in-chief or rebuttal case at trial. Plaintiff's statement is based upon the current status of the case and the Court's current rulings. Plaintiff reserves the right to revise this statement in light of any further decisions or orders of the Court or any new issues raised by Defendant.

75.    Plaintiff intends to establish through his presentation of evidence that the Plaintiff substantially performed his obligations under the Consulting Agreement, that Defendant breached the Consulting Agreement, and that, as a result of Defendant's breach, Plaintiff is entitled to expectation damages.

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

76.    Additionally, Plaintiff intends to establish through his presentation of evidence that Defendant breached the implied covenant of good faith and fair dealing with regard to the Consulting Agreement, and that, as a result of Defendant's breach, Plaintiff is entitled to expectation damages.

77.    In the event of a finding of liability and award of damages, Plaintiff intends to seek any and all recoverable pre-judgment and post-judgment interest.

78.    In the event that Plaintiff substantially prevails on his claims for breach of the Consulting Agreement and/or breach of that agreement's implied covenant of good faith and fair dealing, Plaintiff will seek an award of attorneys' fees, costs, and expenses pursuant to Section 9.4 of the Consulting Agreement.

**B. Defendant's Statement**

79.    Defendant's statement is limited to its expected proof with regard to its defenses and does not address the proof that it may choose to present in response to the arguments raised by Plaintiff, his case in chief or any permitted additional rebuttal (in the event that Plaintiff is permitted to offer a rebuttal case following Defendant's case in chief).

80.    Defendant intends to establish through its presentation of evidence that Plaintiff did not substantially perform his obligations under the Consulting Agreement, instead he stole corporate opportunities from Injective, disclosed confidential information to third parties, and otherwise failed to engage in professional efforts to obtain investors for Injective.

81.    Defendant also intends to establish that Plaintiff engaged in a prior material breach of the Consulting Agreement (thereby relieving Injective of any obligation to perform). Among other things, Plaintiff resold INJ Tokens to third parties in contravention of the Consulting Agreement.  Defendant further intends to prove that Mr. Wang failed to mitigate

17

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

damages. Defendant also intends to prove that Mr. Wang is barred from recovery, due to his own misconduct, pursuant to the unclean hands defense.

82.     In the event of a finding of liability and award of damages, Defendant intends to prove that no damages were reasonably foreseeable, there is no non-speculative actual harm, Injective's supposed breach was not the proximate cause of Mr. Wang's harms, and that award of damages would either be overly speculative or de minimis.

83.     In the event that Plaintiff substantially prevails on his defenses, Defendant will seek an award of attorneys' fees, costs, and expenses pursuant to Section 9.4 of the Consulting Agreement.

## IX.    AMENDMENTS TO THE PLEADINGS

84.     The parties do not intend to request amendments to their pleadings at the present time.

## X.    CERTIFICATION OF GOOD FAITH EFFORTS AT SETTLEMENT

85.     The parties have made good faith efforts to settle the matter but were unable to reach a resolution. The parties do not have difficulty communicating on this issue and should anything occur at trial that opens the door for any settlement, the parties will certainly explore such options.

## XI.    MOTIONS IN LIMINE

86.     Plaintiff's motions *in limine* are attached hereto as **Exhibit 10(a)(1)-(5)**. Pursuant to this Court's Scheduling Order dated December 19, 2022 (ECF 19), each motion contains the authorities relied upon and is supported by a maximum of three pages of argument each.

18

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

87. Defendant's oppositions to Plaintiff's motions *in limine* are attached hereto as **Exhibit 10(b)(1)-(4)**[6], and pursuant to this Court's Scheduling Order are supported by a maximum of three pages of argument each.

88. Plaintiff's replies in further support of his motions are attached hereto as **Exhibit 10(c)(1)-(4)**, and pursuant to this Court's Scheduling Order are limited to a single page.

89. Defendant's motions *in limine* are attached hereto as **Exhibit 11(a)**. Pursuant to this Court's Scheduling Order dated December 19, 2022 (ECF 19), each motion contains the authorities relied upon and is supported by a maximum of three pages of argument each.

90. Plaintiff's oppositions to Defendant's motions *in limine* are attached hereto as **Exhibit 11(b)**, and pursuant to this Court's Scheduling Order are supported by a maximum of three pages of argument each.

91. Defendant's replies in further support of its motions are attached hereto as **Exhibit 11(c)**, and pursuant to this Court's Scheduling Order are limited to a single page.

## XII. JURY TRIAL

92. Pursuant to Fed. R. Civ. P. 48, the parties agree to the selection of 8 jurors. [Jury selection shall be conducted using the struck-juror method beginning with the parties' review of the juror questionnaires.] [Jury selection shall be conducted using the struck-juror method or such other method that the Court may direct.] [It shall continue by meeting with jurors individually in chambers and there addressing any challenges for cause, then concluding back in the courtroom with peremptory strikes using the "pass the list" method beginning with Plaintiff.]

---

[6] On January 12, 2026, via its proposed Statement of Issues of Law that Remain to be Litigated (the "SOL"), Defendant disclosed for the first time that it intends for Risler to advance new damage theories that directly contradict the opinions disclosed in his prior Report. Plaintiff served a motion *in limine* to preclude such new opinions on Defendant on January 18, 2026. Defendant has not yet served an opposition.

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

[The process is expected to include the parties' review of juror questionnaires and such voir dire by the Court as it deems appropriate to address challenges for cause. Peremptory challenges shall be exercised using the "pass the list" method, or such other method as the Court may direct.] Jurors can be struck in no particular order (*i.e.,* strikes do not have to be carried out sequentially). If neither party uses all of its strikes, the jury will be assembled by draw from the pool that remains.

93.    Pursuant to Local Rule 47.1(a)(2), and this Court's Scheduling Order (ECF 19), the parties' proposed voir dire questionnaire is attached hereto as **Exhibit 12**.

94.    Pursuant to Local Rule 51.1(a) and this Court's Scheduling Order (ECF 19), attached hereto as **Exhibit 13** are the preliminary jury instructions reasonably anticipated to be made.

95.    Pursuant to Local Rule 51.1(a)-(b), the parties' proposed preliminary jury instructions indicate next to each numbered paragraph whether each proposed instruction has been submitted jointly, by the Plaintiff, or by the Defendant. Where a proposed preliminary jury instruction has not been jointly agreed to by the parties, the party proposing the instruction has included citation to supporting authority.

96.    Pursuant to Local Rule 51.1(a) and this Court's Scheduling Order (ECF 19), attached hereto as **Exhibit 14** are the final jury instructions reasonably anticipated to be made prior to jury deliberations.

97.    Pursuant to Local Rule 51.1(a)-(b), the parties' proposed final jury instructions indicate next to each numbered paragraph whether each proposed instruction has been submitted jointly, by the Plaintiff, or by the Defendant. Where a proposed final jury instruction has not been

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

jointly agreed to by the parties, the party proposing the instruction has included citation to supporting authority.

98.     Pursuant to Fed. R. Civ. P. 49, Local Rule 51.1(c) and this Court's Scheduling Order (ECF 19), the parties' proposed verdict form for determination by the jury at the conclusion of trial are attached hereto as **Exhibit 15**. The parties' proposed verdict form indicates next to each numbered paragraph whether each proposed instruction and question has been submitted jointly, by the Plaintiff, or by the Defendant. Where a proposed provision of the verdict form has not been jointly agreed to by the parties, the party proposing the provision has included a citation to supporting authority.

## XIII.  ORDER OF PRESENTATION OF EVIDENCE

99.     Unless the Court specifies otherwise, the order of presentation of evidence will generally follow the burden of proof as stated below:

1)  Opening Statements - Plaintiff first, followed by Defendant

2)  Plaintiff's presentation of evidence on issues for which Plaintiff bears the burden of proof

3)  Defendant's presentation of evidence rebutting Plaintiff's presentation, and Defendant's presentation of evidence on issues for which Defendant bears the burden of proof

4)  [Plaintiff's presentation of evidence rebutting Defendant's presentation of evidence on issues for which Defendant bears the burden of proof] [Plaintiff may present rebuttal evidence, if any, as permitted by the Court on application by Plaintiff, solely limited to evidence that directly rebuts matters first raised in Defendant's case-in-chief.  Rebuttal evidence shall not include matters that could have been first raised in Plaintiff's case-in-chief.]

5)  Closing Arguments – Plaintiff first, followed by Defendant, followed by Plaintiff's rebuttal

## XIV.  LENGTH OF TRIAL

21

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

100.     This matter is scheduled for a five-day jury trial beginning at 9:00 a.m. on February 9, 2026, in Courtroom 2B at the J. Caleb Boggs Federal Courthouse in Wilmington, Delaware. Subsequent trial days will begin at 9:00 a.m.

101.     The trial will be timed, as each side will be allocated 11 hours within which to present their cases. The parties may allocate their time between trial time, opening statements, closing arguments, and rebuttal arguments as they see fit. Time will be charged against a party for (1) opening statements and closing arguments by that party; (2) time spent by that party examining that party's witnesses; and (3) time spent on objections raised by that party.

## XV.     HANDLING OF CONFIDENTIAL INFORMATION AT TRIAL

102.     The parties agree to the following provisions regarding the Protective Order entered by this Court (ECF 52). The Protective Order, insofar as it restricts the dissemination and use of protective information, including documents designated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL," shall not apply to restrict the introduction of evidence at trial. However, any party or third party may seek appropriate court orders, including without limitation, request that portions of the transcript be sealed, or that access of the public to certain portions of the trial be restricted.

103.     Persons entitled to have access to "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information under the Protective Order shall not be excluded from the courtroom and shall have the right to review any information presented by either party at trial.

## XVI.     SEQUESTRATION OF WITNESSES

104.     Pursuant to Federal Rules of Evidence 615(a), the parties request that the Court exclude fact witnesses from the courtroom when they are not testifying. This prohibition of witness trial attendance shall not apply to:

22

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

1) Plaintiff, who is a natural person

2) Eric Chen, who is the officer or employee of Defendant designated as the Defendant's representative

3) The expert witnesses disclosed by either party under Federal Rule of Civil Procedure 26(a)(2)(b)

## XVII.  SET UP OF ELECTRONIC AND COMPUTER DEVICES

105.    The parties request that the Court grant access to the Courtroom on Friday, February 6, 2026, the business day before the trial begins, to allow them to set up electronic and computer devices to be used during the trial. To the extent that both sides will be sharing common equipment in the Courtroom, each side will share the cost of that equipment.

## XVIII. ORDER TO CONTROL THE COURSE OF ACTION

106.    This Order shall control the subsequent course of action unless modified by the Court.

107.    Subject to the approval of the Court, the parties reserve the right to seek leave to supplement or amend this final pretrial order based on subsequent events or by agreement.

Black text is uncontested
Blue text is advanced by Plaintiff
Red text is advanced by Defendant

Dated: January 28, 2026                                   Respectfully Submitted,

Counsel for the Plaintiff are:                           Counsel for the Defendant are:

Mark M. Billion (DE Bar 5263)                            Geoffrey G. Grivner (#4711)
1073 S. Governors Ave.                                   Kody M. Sparks (#6464)
Dover, DE 19904                                          500 Delaware Ave., Suite 720
Telephone: (302) 428-9400                                Wilmington, DE 19801
markbillion@billionlaw.com                               Phone: (302) 552-4202
                                                         Facsimile: (302) 552-4295
Tyler J. Harttraft (Admitted *pro hac vice*)             geoffrey.grivner@bipc.com
James M. Wines (Admitted *pro hac vice*)                 kody.sparks@bipc.com
Xiaoyang Li (Admitted *pro hac vice*)
BULL BLOCKCHAIN LAW LLP                                   OF COUNSEL:
21 South 11th Street, Floor 2
Philadelphia, PA 19107                                   Stephen D. Palley, Esq. (*pro hac vice*)
Telephone: (215) 695-5860                                BROWN RUDNICK, LLP
tyler@bullblockchainlaw.com                              1900 N Street NW, 4th Floor
james@bullblockchainlaw.com                              Washington, DC 20036
xiaoyang@bullblockchainlaw.com                           Phone: (202) 536-1766
                                                         Facsimile: (617) 289-0466
                                                         spalley@brownrudnick.com

                                                         Michael Winograd (*pro hac vice*)
                                                         Hayden A. Miller (*pro hac vice*)
                                                         BROWN RUDNICK, LLP
                                                         7 Times Square
                                                         New York, NY 10036
                                                         Phone: (212) 209-4800
                                                         Facsimile: (212) 209-4801
                                                         hmiller@brownrudnick.com
                                                         mwinograd@brownrudnick.com

                                                         Johanna P. Fay (*pro hac vice*)
                                                         BROWN RUDNICK, LLP
                                                         One Financial Center
                                                         Boston, MA  02111
                                                         Phone: (617) 856-8200
                                                         Facsimile: (617) 856-8201
                                                         jfay@brownrudnick.com

24