IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XIN WANG, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 22-943 |
| § | |
| INJECTIVE LABS INC., § | |
| § | |
| *Defendant*. § | |

**MEMORANDUM OPINION AND ORDER**

This order is directed to two issues that arose prior to the trial in this case: (1) whether to permit the plaintiff, Xin Wang, to introduce the deposition testimony of Zhonghan "Eric" Chen in the plaintiff's case-in-chief at trial; and (2) whether to permit the plaintiff to call the defendant's expert, Franck Risler, as a witness in the plaintiff's case-in-chief.

**1. The Use of Mr. Chen's Deposition in the Plaintiff's Case-in-Chief.**

The plaintiff wishes to introduce the deposition of defendant Injective's Chief Executive Officer, Zhonghan "Eric" Chen, in the plaintiff's case-in-chief, even though Mr. Chen will be available at trial and plans to testify for the defendant Injective in the defense case. In seeking to introduce Mr. Chen's deposition testimony in the plaintiff's case-in-chief, the plaintiff relies on Rule 32(a)(3) of the Federal Rules of Civil Procedure. That Rule provides as follows: "An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)."

The plaintiff cites a number of cases holding that Rule 32(a)(3) authorizes the admission of a party's deposition even when the party is available and will testify separately at trial. *See* Dkt. No. 254 (citing numerous cases).

The defendant objects. It argues that the court should not allow the plaintiff to introduce Mr. Chen's deposition in the plaintiff's case-in-chief, even though Mr. Chen will be available at trial and plans to testify during the defense case. In the defendant's view, doing so would erode "the core truth-seeking function" of the trial and would be inefficient and confusing to the jury. Dkt. No. 248 at 2–3. The defendant argues that the right to introduce a party's pretrial deposition under Rule 32(a)(3) is not unlimited, but is subject to the court's authority under Rule 611(a) of the Federal Rules of Evidence to control trial proceedings. That rule provides as follows:

> **Rule 611. Mode and Order of Examining Witnesses and Presenting Evidence**
> (a)  Control by the Court; Purposes. The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
>   (1) make those procedures effective for determining the truth;
>   (2) avoid wasting time; and
>   (3) protect witnesses from harassment or undue embarrassment.

The plaintiff is correct that a number of courts have held that Rule 32(a)(3) allows a party to introduce the deposition of an adverse party regardless of whether the adverse party is available or even plans to testify as a witness at trial. *See, e.g.*, *Fenstermacher v. Phila. Nat'l Bank*, 493 F.2d 333, 338 (3d Cir. 1974); *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1079–80 (10th Cir. 2009); *Fey v. Walston & Co.*, 493 F.2d 1036, 1046 (7th Cir. 1974); 8A Charles Alan Wright et al., Federal Practice & Procedure § 2145 at 641–42 (3d ed. 2010) ("The trial court has discretion to exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand, but it may not refuse to allow the deposition to be used merely because the party is available to testify in person.") (citing *Community Counselling Serv, Inc. v. Reilly*, 317 F.2d 239, 243 (4th Cir. 1963) (Haynesworth, J)). Moreover, courts have frequently

stated that Rule 32(a)(3) must be "liberally construed" in favor of the admission of deposition testimony from an adverse party.  *See Merchants Motor Freight v. Downing*, 227 F. 2d 247, 249–50 (8th Cir. 1955) (the Rule is broad and "has been liberally interpreted"); *Smith v. City of Chicago*, No. 21-cv-1159, 2025 WL 1744919, at *31 (N.D. Ill. June 24, 2025); *Keawsri v. Ramen-Ya Inc.*, No. 17-cv-2406, 2022 WL 2391692 (S.D.N.Y. July 1, 2022); *SEC v. Ambassador Advisors*, LLC, No. 5:20-cv-2274, 2022 WL 2188146 (E.D. Pa. Mar. 7, 2022); *Estate of Thompson v. Kawasaki Heavy Indus., Ltd.,* 291 F.R.D. 297, 305–06 (N.D. Iowa 2013); *Redd v. N.Y. State Div. of Parole,* 923 F. Supp. 2d 393, 408 (E.D.N.Y. 2013).

Courts have uniformly held that a trial court may restrict a party's use of the deposition of an opposing party if the deposition is cumulative or irrelevant.  *See, e.g.*, *Keawsri*, 2022 WL 2391692, at *1; *Hopman v. Union Pac. R.R.*, No. 4:18-cv-74, 2021 WL 2694236, at *14 (E.D. Ark. June 30, 2021); *Eastman Chem. Co. v. SGS N. Am., Inc.*, No. 4:18-cv-74, 2019 WL 10960575, at *4 (E.D. Tenn. Feb. 4, 2019); *Stepanovich v. Bradshaw*, No. 2:14CV270, 2017 WL 5249535, at *1 (M.D. Fla. Apr. 17, 2017).  But it is a significant step farther for a court to prohibit a party from introducing relevant and non-cumulative evidence in its case because the court believes the evidence, although admissible, should either be used only for impeachment or, if admitted at all, should be admitted only later in the trial, such as in the party's rebuttal case.

The strongest arguments for allowing a district court to prevent a party from introducing a witness's deposition testimony when that witness (either a party, an officer of the party, or the party's Rule 30(b)(6) witness) is available and is expected to testify at trial are (1) that there is a strong preference for live testimony at trial, as opposed to deposition testimony, and (2) introducing deposition testimony in lieu of or in addition to live testimony would be inefficient and potentially confusing to the jury.  That was the point made by the district court in *Gonzalez Prod. Sys. v.*

*Martinrea Int'l Inc.*, 310 F.R.D. 341, 342–44 (E.D. Mich. 2015), which contains the most thoughtful analysis of the issue among the 15 cases cited by the defendant. But even the court in that case seemed to recognize that the issue was far from clear-cut, as the court noted a split among district courts on the issue and rested its decision heavily on the district court's "broad discretion in determining the manner in which [the court] conducts trial." *Id.* at 344 (quoting *United States v. Henderson*, No. 94-5645, 1995 WL 122785, at *11 (6th Cir. Mar. 21, 1995).

Numerous district courts have ruled to the contrary, holding that the authorization for the admission of deposition testimony in Rule 32(a)(3) is not subject to restriction through the courts' exercise of their discretion. The leading case so holding is *Estate of Thompson v. Kawasaki Heavy Indus., Ltd.*, 291 F.R.D. 297 (N.D. Iowa 2013), which contains an in-depth discussion of the issue. The court in that case concluded that "I ha[ve] discretion to exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand," but I "may not refuse to allow the deposition to be used merely because the party is available to testify in person.'" 291 F.R.D. at 306 (quoting *N. Ins. Co. v. N.Y. v. Albin Mfg., Inc.*, No. 06-190, 2008 WL 3285852, at *3–4 (D.R.I. Aug. 8, 2008)); *see also, e.g., Wainberg v. Piedmont Univ.*, No. 2:19-cv-251, 2025 WL 3125975, at *1 (N.D. Ga. July 11, 2025); *Eastman Chem. Co. v. SGS N. Am., Inc.*, No. 2:15-cv-344, 2019 WL 10960575, at *4 (E.D. Tenn. Feb. 4, 2019); *Luxco, Inc. v. Jim Beam Brands Co.*, No. 14 C 349, 2016 WL 6193794, at *6–7 (N.D. Ill. Oct. 24, 2016).

Significantly, several courts of appeals, including the Third Circuit, have held or suggested that it was error for the district court to prohibit a party from using an adversary's deposition in the party's case-in-chief, although the courts have often found the error harmless. *See Fenstermacher*, 493 F.2d at 338 (holding that the district court's exclusion of deposition testimony of officers of the defendant was "not prejudicial" because the depositions "do not appear to add any information to

4

that given in oral testimony by the deponents and otherwise developed in the hearing"); *Dhyne v. Meiners Thriftway, Inc.*, 184 F.3d 983, 990 (8th Cir. 1999) ("Thus, though arguably inconsistent with the language of Rule 32(a)(3), precluding a party from reading the deposition testimony of an available adverse party witness is at worst harmless error."); *Brazos River Auth. v. GE Ionics*, 469 F.3d 416, 434 (5th Cir. 2006) (Notwithstanding the language of Rule 32(a)(3), "district courts are reluctant to allow the reading into evidence of the rule 30(b)(6) deposition if the witness is available to testify at trial, and such exclusion is usually deemed harmless error"); *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 308 (5th Cir. 1978) (district court's refusal to permit plaintiff to present the pre-trial depositions of certain officers of the defendants "was error," but the error was harmless because the "plaintiff was in no way prejudice[d] thereby"); *Pingatore v. Montgomery Ward & Co.*, 419 F.2d 1138, 1142 (6th Cir. 1969) ("The ruling of the District Judge in limiting Mrs. Pingatore's deposition to impeachment purposes was erroneous. . . . The error was harmless because the material matters developed in the deposition were covered by other evidence in the record."); *Zimmerman v. Safeway Stores, Inc.*, 410 F.2d 1041, 1044 n.5 (D.C. Cir. 1969) (The predecessor of Rule 32(a)(3) "means that the deposition of an adverse party may be introduced as original evidence, and we agree with this reading. The trial court, of course, always retains discretion to exclude repetitious matter . . . .").

It is true that the overall presentation of this case would likely be more orderly if the use of Mr. Chen's deposition were postponed until after his live testimony in the defense case. Moreover, the defendant understandably would prefer that the jury first be introduced to Mr. Chen through live testimony in the defense case. After balancing the interests promoted by Rule 32(a)(3) of the Federal Rules of Civil Procedure and Rule 611(a) of the Federal Rules of Evidence, however, I am persuaded that it would be inappropriate to prevent the plaintiff from presenting Mr. Chen's

5

deposition testimony in the plaintiff's case-in-chief.[1] I will therefore permit the plaintiff to offer Mr. Chen's deposition in that fashion if it chooses to do so.

### 2. Whether the Defendant's Expert, Dr. Risler, May Be Called by the Plaintiff.

The plaintiff has stated that it intends to call the defendant's expert, Dr. Franck Risler, as a witness in the plaintiff's case. While the plaintiff's proposal is, again, unconventional, it is not impermissible, although it is subject to certain restrictions that will be enforced at trial.[2]

It is generally recognized that no witness, including an expert witness, "belongs" to one side or the other. In fact, expert witnesses (at least in theory) are supposed to be testifying as neutrals, not as agents of one side in the lawsuit. *See Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 164 (3d Cir. 1995) ("In theory, despite the fact that one party retained and paid for the services of an expert witness, expert witnesses are supposed to testify impartially in the sphere of their expertise. Thus, one can call an expert witness even if one disagrees with the testimony of the expert."); *see also DG&G, Inc. v. FlexSol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009) (a party may rely on another party's expert report at summary judgment); *Kaufman v. Edelstein*, 539 F.2d 811, 818 (2d Cir. 1976) (experts are not privileged with respect to compulsory testimony; a party does not "own" the opinions of its expert); *De Lage Landen Operational Servs., LLC v. Third*

---

[1] One concern bearing on whether to permit the plaintiff to introduce Mr. Chen's deposition in the plaintiff's case-in-chief is that the plaintiff may face a motion under Rule 50(a), Fed. R. Civ. P., at the close of the plaintiff's case. To the extent that the plaintiff believes Mr. Chen's deposition will support its case, that is a factor that cuts against requiring the plaintiff to wait until later in the case, such as in the plaintiff's rebuttal, to offer the Chen deposition into evidence. Another option would be to permit the plaintiff to call Mr. Chen as a hostile witness in the plaintiff's case, but it is not clear that having Mr. Chen appear as a hostile witness before he testifies in the defense case would be more orderly than allowing his deposition to be played, and it would not achieve the objective sought by the defendant of introducing Mr. Chen in the defendant's case.

[2] This issue initially arose in connection with the defendant's motion *in limine* number 7. Discussion with counsel indicated that the issue needed clarification going beyond the scope of the motion *in limine* itself.

*Pillar Sys., Inc.*, 851 F. Supp. 2d 850, 853 (E.D. Pa. 2012) (an expert's opinions "do not belong to one party or another but rather are available for all parties to use at trial"); *Doe v. Eli Lilly & Co.*, 99 F.R.D. 126, 128 (D.D.C. 1983) ("[N]o party to litigation has anything resembling a proprietary right to any witness's evidence.")  For that reason, courts have held that at trial a party may call an expert witness that the opposing party retained.

Judge Friendly summarized the state of the law in *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir. 1972), writing the following: "The weight of authority holds that, although it is not the usual practice, a court does have the power to subpoena an expert witness and, though it cannot require him to conduct any examinations or experiments to prepare himself for trial, it can require him to state whatever opinions he may have previously formed."

There are two important qualifications on the right of a party to call another party's expert as a witness, both of which are based on the fact that the witness is testifying as an expert, not as a fact witness.  First, if the party calling the witness is the first party to call the witness at trial, that party must qualify the expert as a witness, either by establishing the expert's credentials or by reaching agreement with the opposing party as to the expert's qualifications.  Second, the examination of the witness will be limited to questions about the opinions that the expert has previously formed and that are embodied in his report.  *Penn Nat'l Ins. Co. v. HNI Corp.*, 245 F.R.D. 190, 195 (M.D. Pa. 2007).

Subject to those qualifications, the plaintiff in this case will be allowed to call Dr. Risler as a witness in the plaintiff's case-in-chief.

IT IS SO ORDERED.

SIGNED THIS 6th day of February, 2026.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE